UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAULA BROWN, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 16-12412** |
| **MARLIN N. GUSMAN, et al.** | **SECTION: "G"(1)** |

### ORDER

Pending before the Court is Plaintiffs Paula Brown, Kayla Brown, and Julian Thibodeaux's (collectively, "Plaintiffs") *ex parte* "Motion to Reconsider and for Relief from Judgment,"[1] wherein Plaintiffs urge the Court to reopen this action, which was dismissed without prejudice on November 28, 2016.[2] The complaint in this matter was filed on July 6, 2016.[3] On November 2, 2016, the Court found that the record did not reflect service upon the defendants in this matter, and ordered Plaintiffs to show cause on or before November 23, 2016, why the defendants should not be dismissed for Plaintiffs' failure to prosecute.[4] As no response was filed, the Court issued a judgment dismissing the complaint at Plaintiffs' costs and without prejudice on November 28, 2016.[5] Plaintiffs filed the instant motion to reconsider the Court's dismissal of this case on December 16, 2016.[6]

---

[1] Rec. Doc. 9.

[2] Rec. Doc. 8.

[3] Rec. Doc. 3.

[4] Rec. Doc. 7.

[5] Rec. Doc. 9.

[6] Rec. Doc. 8.

1

**I. Plaintiffs' Arguments**

Plaintiffs' motion asserts that Plaintiffs' counsel have had difficulty with their email system rejecting incoming messages.[7] These email difficulties, according to Plaintiffs, explain why Plaintiffs' counsel never received the Court's rule to show cause as to why service on the defendants had not been perfected through the CM/ECF notice system.[8] Since discovering the email problems, Plaintiffs asserts that Plaintiffs' counsel have obtained external email addresses for notice in the Eastern District of Louisiana and have initiated twice weekly review on Pacer of all federal cases.[9]

Plaintiffs argue that district courts' dismissals with prejudice for failure to prosecute are affirmed when: (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution or the record shows that the district court employed lesser sanctions that proved to be futile.[10] Moreover, according to Plaintiffs, dismissals with prejudice are affirmed when at least one of three aggravating factors is present: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."[11] In this case, Plaintiffs argue, the delay was caused by the "technical deficiencies of counsel," the

---

[7] Rec. Doc. 9-1 at 1.

[8] *Id.* at 2.

[9] *Id.*

[10] *Id.* (citing *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986); *Callip v. Harris Cnty. Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir. 1985)).

[11] *Id.* at 2–3 (citing *McGlathery*, 792 F.2d at 474; *Callip*, 757 F.2d at 1519).

defendants have not been prejudiced by the delay, and the delay was not intentional.[12] Therefore, Plaintiffs request the reinstatement of their suit and 45 days to perfect service.[13]

## II. Law and Analysis

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*," it has consistently recognized that such a motion may challenge a judgment under Federal Rules of Civil Procedure 59(e) or 60(b), depending on the timing.[14] If such a motion is filed within 28 days after entry of the judgment from which relief is being sought, the motion will be treated as a motion to reconsider under Rule 59(e).[15] Here, Plaintiffs' case was dismissed without prejudice for failure to prosecute, and the instant motion was filed 18 days after the Court rendered judgment in this matter.[16] Therefore, the Court will treat Plaintiffs' request for consideration as a Rule 59(e) motion to "alter or amend the judgment."[17]

A district court has considerable discretion to grant or to deny a motion under Rule 59(e).[18] A court's reconsideration of a prior order is an extraordinary remedy, which should be used sparingly.[19] Courts in the Eastern District of Louisiana hold that a moving party must satisfy at

---

[12] *Id.* at 3.

[13] *Id.* at 2.

[14] *Gulf Offshore Logistics, L.L.C., et al. v. Seiran Exploration & Prod. Co., LLC, et al.*, No. 11-1788, 2014 WL 2215747, at *5 (E.D. La. May 28, 2014) (Brown, J.) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)).

[15] *Farmer v. La. Elec. and Financial Crimes Task Force*, No. 10-2971, 2012 WL 5463795, at *2 (E.D. La. Nov. 8, 2012) (citing *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998)). *See also* Fed. R. Civ. P. 59(e).

[16] Rec. Doc. 9.

[17] *See Kennemer v. Jeff Autoplex, LLC*, Nos. 03-3616, 05-2828, 2006 WL 2947935, at *1 (E.D. La. Oct. 13, 2006) (Vance, J.) (citing *Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir. 1985)).

[18] *See Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[19] *See Kennemer*, 2006 WL 2947935, at *2 (citing *Fields v. Pool Offshore*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998) (Clement, J.), *aff'd* 182 F.3d 353 (5th Cir. 1999)).

least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law.[20] In deciding a motion to reconsider under Rule 59(e), relevant factors include the reason for the party's default and the prejudice to the non-moving party.[21] The Court may also consider the conduct of counsel in deciding the motion.[22] Ultimately, the Court must approach a motion to reopen an action on a case-by-case basis.[23]

Here, although the Court dismissed Plaintiffs' claims without prejudice, a dismissal without prejudice in a case where a new complaint will be time-barred is treated as a dismissal with prejudice.[24] Plaintiffs bring claims against the defendants under 42 U.S.C. §1983 that arise from injuries that occurred on July 6, 2015.[25] Louisiana's one-year prescription statute, Louisiana Civil Code article 3492, applies to suits brought in federal court under section 1983.[26] Plaintiffs'

---

[20] *Id. See also Grenier v. Saltz*, No. 04-1379, 2005 WL 78941, at *2 (E.D. La. Jan. 12, 2015) (Vance, J.); *Fidelity & Deposit Co. of Md. v. Omni Bank, et al.*, No. 99-1167, 1999 WL 970526, at *2 (E.D. La. Oct. 21, 1999) (Fallon, J.).

[21] *See Kennemer*, 2006 WL 2947935, at *2 (citing *Lavespere*, 910 F.2d at 174).

[22] *Ford Motor Credit Co. v. Bright*, 34 F.3d 322, 324 (5th Cir. 1994).

[23] *Id.* at 324–25.

[24] *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992); *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir. 1981) ("Where further litigation on the claim will be time-barred, a dismissal without prejudice is no less severe a sanction than dismissal with prejudice, and the same standard of review is used.").

[25] Rec. Doc. 3 at 3.

[26] *See Spikes v. Williams*, Nos. 14-1895, 14-2839, 2015 WL 1906024, at *2 (E.D. La. Apr. 17, 2015) (Milazzo, J.). *See also Duplessis v. City of New Orleans*, No. 08-5149, 2009 WL 3460269, at * 4 (E.D. La. Oct. 26, 2009) (McNamara, J.) ("Because there is no federal statute of limitations for §1983 claims, the district court looks to comparison to the forum state's statute of limitations for personal injury claims. In Louisiana, personal injury claims are governed by La. Civ. Code Art. 3492, which provides for a prescriptive period of one year from the date of injury or damage.") (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Wilson v. Garcia*, 471 U.S. 261, 275 (1985); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998)).

4

claims were, therefore, timely filed on July 6, 2016, but such claims would not be timely if refiled at any time after the Court's dismissal. "Dismissals with prejudice are 'reserved for the most egregious cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors.'"[27] Those aggravating factors include: "(1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant."[28]

Plaintiffs appear to argue that the Court should grant their motion to reconsider to prevent manifest injustice. Plaintiffs point out that technical difficulties prevented their counsel from receiving the Court's order to show cause.[29] Although Plaintiffs' counsel should have been monitoring the status of their case and should have responded to the Court's order to show cause, the Court finds no indication of an intentional delay on Plaintiffs' part. Plaintiffs' conduct is not so egregious to warrant the severe sanction of a dismissal with prejudice.[30] Moreover, the Court dismissed the claims against the defendants without prejudice, so the defendants' interest in preserving a final judgment is minimal.[31] The Court finds that the interests of justice militate in favor of granting Plaintiffs' motion.

Accordingly,

---

[27] *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (quoting *Rogers v. Kroger*, 756 F.2d 317, 320 (5th Cir. 1982)).

[28] *Id.* (citing *Morris v. Oceans Sys., Inc.*, 730 F.2d 248 (5th Cir. 1984)).

[29] Rec. Doc. 9 at 1.

[30] *See, e.g.*, *Batty-Hoover v. Ella Austin Cmty. Ctr.*, 156 F.2d 181 (5th Cir. 1998) (reversing district court's dismissal with prejudice because the court did not attempt a lesser sanction); *Boudwin*, 756 F.2d at 401 (finding that plaintiff was "less than diligent" in his efforts to effect service, but finding no evidence, such as prejudice to the defendant or intentional delay on the part of plaintiff, that would warrant dismissal with prejudice); *Mayley v. Hartford Financial Servs. Grp., Inc.*, No. 07-4429, 2008 WL 783548, at *2 (E.D. La. Mar. 25, 2008) (Africk, J.) (reopening a previously dismissed case where plaintiffs lacked diligence in failing to respond to docket call, but there was no indication of an intentional delay or other aggravating factors).

[31] *See, e.g.*, *Kennemer v. Jeff Autoplex, LLC*, Nos. 03-3616, 05-2828, 2006 WL 2947935, at *1 (E.D. La. Oct. 13, 2006) (Vance, J.).

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion to Reconsider and for Relief from Judgment"[32] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs must serve the defendants within 45 days.

**NEW ORLEANS, LOUISIANA**, this  22nd  day of December, 2016.

                                              **NANNETTE JOLIVETTE BROWN**
                                              **UNITED STATES DISTRICT JUDGE**

---

[32] Rec. Doc. 10.